UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CIVIL ACTION NO. 09-11887-RWZ

LLOYD'S SYNDICATES
SUBSCRIBING TO COVER NOTE PC0902460

v.

HORIZON AIR SERVICES, INC.


<u>ORDER</u>
June 18, 2010

ZOBEL, D.J.


 Hologic, Inc.("Hologic"), a manufacturer of medical equipment, has, for thirteen years, regularly used defendant, Horizon Air Services, Inc. ("Horizon") to transport such equipment from its Bedford, Massachusetts, facility to a warehouse in Chelsea, Massachusetts.  On March 12, 2009, Horizon received a shipment of nine bone scanner units for delivery to Chelsea.  All were found to be damaged upon arrival.  Hologic's insurer, plaintiff Lloyd's Syndicates Subscribing to Cover Note PC0902460, paid the loss, $173,923.22 less a deductible of $5,000.  It now seeks to recover the amount paid, $168,923.22.  Both parties have moved for partial summary judgment and the decisive issue is whether Hologic, on the bill of lading, declared the equipment to have a value of $30 per pound for this shipment of 10,200 pounds resulting in a limitation of Horizon's liability of $306,000, or whether Horizon has limited its liability to $100 as reflected on its freight bill.

It is undisputed that Hologic prepared the bill of lading in this, as in all other transactions with Horizon.  In the column entitled "Description of Articles, Marks and Exceptions," the form includes below a handwritten list of items to be shipped, a printed notation "NMFC 63560, Sub 1, Class 100."  The parties agree that NMFC refers to the National Motor Freight Classification, a publication of commodity descriptions, classes, rules, terms and conditions that are prepared by the National Motor Freight Traffic Association ("NMFTA") for use by motor carriers and shippers.  They disagree about the applicability of the Classification to this case.  In any event, the specific notation on the bill of lading in issue translates to X-Ray machines with an actual value not exceeding $30 per pound.  The bill of lading included a separate space for declaring value, as follows:

> Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property.  The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding_____per_____.

That space was left blank.

The freight bill, prepared by Horizon, includes on the back a limitation that its liability "shall not exceed $100.00 unless a greater valuation is declared and specifically agreed to by Horizon in writing in advance of the shipment and an extra charge of $.50 for each hundred dollars of valuation is paid...."  George F. Mercuri, defendant's president, states by affidavit that Horizon has handled shipments for Hologic since 1997 at the rate of three to five per week.  He estimates the total over the last thirteen years to be 2,000 - 3,000 shipments.  The bills of lading for all of these

2

shipments have been similar to the one in issue and the charge has been $200 per trailer plus a fuel surcharge.  Defendant did not and does not recognize the NMFC notation on the bill of lading as a declaration of value and its charges have therefore never varied from the flat rate plus fuel surcharge and it has never imposed the additional charge provided in the freight bill for greater value, and Hologic has never paid extra charges for increased value.  Defendant points out that had plaintiff declared a value of 175,000, the freight charges would have been $1,117.   Finally, Horizon has never been a member of the NMFTA nor has it ever participated in the NMFTA classification.  Participation requires the carrier to issue a power of attorney to the Association as the carrier's publishing agent and nonparticipating carriers may not use the NMFC.  Although plaintiff does not dispute these statements, it does not accept their relevance.

Both parties' submissions make clear that the NMFC contains voluntary standards for classifying commodities moving in inter and intrastate commerce "for the accounts of participating carriers and transportation companies to be used by them and their customers...."  With an exception not here relevant, it further states "carriers or other transportation companies whose rates, charges or terms of transportation – including packaging and bills of lading – are based on, or reference, the NMFC or any of its provisions must participate herein.  This publication has no application for such carriers or transportation companies that do not participate."  Exhibit 3 to the Affidavit of Jacqueline M. James.  An affidavit submitted by defendant Paul G. Levine, the General Manager of the NMFTA, echoes and elaborates on the text of the NMFC.  Based on his

search of the records of the Association, he states that neither Hologic nor Horizon was

a participant on March 12, 2009, or at any time before that date.  Therefore, none of the

provisions of the NMFC apply to either of the parties and neither could use them.

Accordingly, the printed notation on the bill of lading could not serve as a declaration of

value even were it correctly placed on the form.  The general language at the top of the

printed document on which plaintiff relies and which invokes "the classification and

tariff in effect on the date ..." cannot import a classification foreclosed to the parties by

its terms.

Plaintiff cites <u>Siren, Inc. v. Estes Express Lines</u>, 249 F 3d. 1268 (11th Cir. 2001),

for the proposition that when the parties use "industry-specific terminology" they are

bound to those terms.  However, in this case the parties have for thirteen years used

the same language and followed the same course, which does not inexorably lead to

the conclusion plaintiff advocates.  For thirteen years Horizon billed Hologics at a flat

rate plus fuel surcharge although the freight bill limits Horizon's liability unless a

greater valuation is declared and "an extra charge of $.50 for each hundred dollar of

valuation is paid."  Hologics never paid that extra charge.  By their conduct for thirteen

years the parties evidenced their understanding that these shipments were not subject

to a claim of increased value.

Because the facts recited are not in dispute and because Hologics did not

properly declare a value of $30 per pound or pay the increased charge for extra

valuation as required, plaintiff's motion for summary judgment is denied.  Defendant's

motion is allowed because its limitation of liability of $100 per shipment is effective in

the absence of a declared value and the payment of the additional charge attendant on

the declaration of extra value.


_____June 18, 2010_____                    _____/s/Rya W. Zobel_____
            DATE                                            RYA W. ZOBEL
                                                 UNITED STATES DISTRICT JUDGE